IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Thomas Harley, | ) | C/A No. 5:14-2829-RBH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Winnifa B. Clark, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Thomas Harley ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff also files a motion requesting a temporary restraining order and preliminary injunction in this case. (ECF No. 4.) Plaintiff is an inmate at Perry Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC. Having reviewed the Complaint and motion in accordance with applicable law, the court concludes that the Complaint should be summarily dismissed without prejudice and without issuance and service of process and the motion for a temporary restraining order and preliminary injunction should be denied.

**I.     Factual and Procedural History**

The Complaint alleges that Plaintiff mailed a copy of a post-conviction relief ("PCR") application to South Carolina Attorney General Alan Wilson on December 3, 2013. (ECF No. 1 at 3.) Plaintiff subsequently sent letters to the Attorney General's office in January and April of 2014 seeking information about the status of his PCR action. (Id.; see also ECF No. 1-2.) An Assistant Attorney General responded to Plaintiff's letters stating that the office was in receipt of Plaintiff's

PCR application, but had not yet received a filed copy of the application from the Orangeburg Clerk of Court. (ECF No. 1-2 at 1-3.) The Complaint alleges that Plaintiff sent the Orangeburg County Court of Common Pleas "a copy certified as proof of service . . . and did ask[] defendant Clark to process, and file the PCR documents in the court." (ECF No. 1 at 3.) Plaintiff asserts that Defendant Winnifa B. Clark failed "to file the document under the title duties of a Clerk of Court." (Id. at 4.) The Complaint seeks damages and injunctive relief. (Id. at 5.)

Plaintiff's motion for a temporary restraining order and preliminary injunction reiterates the factual allegations asserted in the Complaint and seeks an order directing the defendant to "refrain from denying [Plaintiff] access to court in the form of failure to file [Plaintiff's] documents." (ECF No. 4 at 1, ECF No. 4-1 at 1-4.)

**II.    Discussion**

    **A.    Complaint**

        **i.    Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless



legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

  ii.  Analysis

  The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  In this action, the Complaint alleges that the Orangeburg County Clerk of Court's failure to perform her duties and file Plaintiff's PCR action constitutes a denial of court access.  (ECF No. 1 at 2.)

  It is "established beyond a doubt that prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977).  In the instant Complaint, Plaintiff appears to assert that the South Carolina Attorney General's failure to receive a filed copy of the PCR application from the Orangeburg County Clerk of Court shows that Defendant Clark has denied Plaintiff court access. (ECF No. 1 at 3; ECF No. 1-2 at 1-3.)  However, the Complaint presents no factual allegations to demonstrate that Defendant Clark received or intentionally failed to file Plaintiff's PCR application.  As the Complaint's claims rest on mere speculation or conjecture at this time, his allegations are insufficient to state a violation of Plaintiff's constitutional rights under § 1983.  See Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (holding that defendants are not required to file unnecessary responses to speculative allegations); United States v. Banks, 370 F.2d

141, 145 (4th Cir. 1966) (finding speculative claim insufficient to support a finding of actual prejudice in case alleging constitutional violation). Thus, Plaintiff's access to court claim is subject to summary dismissal.

Further, Plaintiff's claims are subject to summary dismissal because he names a defendant who is immune from suit. It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. Mireless v. Waco, 502 U.S. 9, 12 (1991); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985). Judicial immunity is not pierced by allegations of corruption or bad faith, nor will a judge "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). This doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]' " Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992) (quoting Scruggs v. Moellering, 870 F.2d 376, 377 (7th Cir. 1989)); see also Pink v. Lester, 52 F.3d 73 (4th Cir. 1995) (overruling McCray v. Maryland, 456 F.2d 1 (4th Cir. 1972), which held that clerks of court might be held liable for negligent conduct in the filing of prisoner pleadings). As Defendant Clark is protected by quasi-judicial immunity from Plaintiff's claims associated with her alleged failure to file a PCR application, this defendant is entitled to summary dismissal from this action. See Green v. Hyatt, C/A No. 4:09-2573-TLW-TER, 2010 WL 597203, at *4 (D.S.C. Feb. 16, 2010) (order adopting report and recommendation finding that Clerk of Court was entitled to quasi-judicial immunity because "refusing to file a PCR application was integrally related to the judicial process"), aff'd, Green v. Hyatt, No. 10-1303, 2010 WL 2639910 (4th Cir. June 25, 2010).

Because Plaintiff's federal claims are recommended for summary dismissal, the district court should decline to exercise supplemental jurisdiction over Plaintiff's negligence claim (ECF No. 1 at 4), or any other state law causes of action raised in the Complaint. See 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1996); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

**B.     Motion for Temporary Restraining Order and Preliminary Injunction**

**i.     Standard of Review**

A party seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346-47 (4th Cir. 2009), vacated on other grounds by 559 U.S. 1089 (2010), reissued in part by 607 F.3d 355 (4th Cir. 2010), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977).[1]  A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. Winter, 555 U.S. at 22; Real Truth, 575 F.3d at 345-46.  Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. Winter, 555 U.S. at 20-23; Real Truth, 575 F.3d at 347.  Only then may the court consider whether the balance of equities tips in the party's

---

[1] The portions of Real Truth that were reissued by the Fourth Circuit are Parts I and II found at 575 F.3d at 345-47, which are the sections addressing injunctions that are relied upon in the court's Report and Recommendation.



favor. See Real Truth, 575 F.3d at 346-47.[2]  Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. Real Truth, 575 F.3d at 347 (quoting Winter, 555 U.S. at 24).

### ii. Analysis

The motion asserts that Defendant Clark has denied Plaintiff court access. (ECF No. 4 at 1; ECF No. 4-1 at 1.)  However, as discussed above, the Complaint is subject to summary dismissal because Plaintiff provides no factual allegations to support his conclusory and speculative allegations against Defendant Clark and because the defendant is immune from suit under § 1983.  Thus, Plaintiff has not demonstrated a likelihood of success on the merits and his motion should be denied.

## III. Conclusion and Recommendation

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without issuance and service of process.  The court further recommends that the motion for a temporary restraining order and preliminary injunction (ECF No. 4) be denied.

*Paige J. Gossett*
UNITED STATES MAGISTRATE JUDGE

July 21, 2014
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[2]  Based on Winter, the Real Truth Court expressly rejected and overruled Blackwelder's sliding scale approach, which formerly allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. Real Truth, 575 F.3d at 347; Winter, 555 U.S. at 21-23.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).