UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Thomas Harley, | ) | Civil Action No.: 5:14-cv-2829-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Winnifa B. Clark, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, Thomas Harley, currently incarcerated at Perry Correctional Institution in Pelzer, South Carolina and proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging that the Orangeburg County Clerk of Court failed to file Plaintiff's post-conviction relief application and that such failure constitutes a denial of court access.  Additionally, Plaintiff has filed a motion [Docket Entry #4] for a temporary restraining order and preliminary injunction.

This matter is before the court with the Report and Recommendation [Docket Entry #9] of Magistrate Judge Paige J. Gossett filed on July 21, 2014.[1]  The Magistrate Judge recommended that the case be dismissed without prejudice and without issuance and service of process.  Plaintiff timely filed Objections [Docket Entry #11] and Amended Objections [Docket Entry #12] to the Magistrate Judge's Report and Recommendation.  After the Magistrate Judge issued the Report and Recommendation, Plaintiff filed the following motions: 1) motion to amend his complaint [Docket Entry #14]; 2) motion for default judgment [Docket Entry #15]; 3) second motion to amend complaint [Docket Entry #17]; and 4) motion for declaratory judgment [Docket Entry #18].

---

[1]    This matter was referred to Magistrate Judge Gossett pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2).

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections.  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations."  *Id.*  Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**Discussion**

I.    Report and Recommendation

Plaintiff brought a claim under 42 U.S.C. § 1983 against the Orangeburg County Clerk of Court, Winnifa B. Clark, for allegedly failing to file his post-conviction relief application.  The Magistrate Judge recommended summary dismissal of Plaintiff's complaint based on quasi-judicial immunity.  The doctrine of absolute quasi-judicial immunity has been adopted and made

applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]' " *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)); *see also Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (overruling *McCray v. Maryland*, 456 F.2d 1 (4th Cir. 1972), which held that clerks of court might be held liable for negligent conduct in the filing of prisoner pleadings). Plaintiff objected arguing simply that Defendant Clark was not entitled to quasi-judicial immunity in this case.  The allegation that Defendant Clark refused or failed to file Plaintiff's PCR application is integrally related to the judicial process.  Accordingly, Defendant Clark is protected by quasi-judicial immunity from Plaintiff's claims and entitled to summary dismissal from this action. *See Green v. Hyatt*, C/A No. 4:09-2573-TLW-TER, 2010 WL 597203, at *4 (D.S.C. Feb. 16, 2010) (order adopting report and recommendation finding that Clerk of Court was entitled to quasi-judicial immunity because "refusing to file a PCR application was integrally related to the judicial process"), aff'd, *Green v. Hyatt*, No. 10-1303, 2010 WL 2639910 (4th Cir. June 25, 2010).

II.       Motion for Temporary Restraining Order and Preliminary Injunction

The Magistrate Judge recommended denying Plaintiff's motion for temporary restraining order and preliminary injunction because Plaintiff could not establish a clear likelihood of success on the merits of his complaint. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff states in a conclusory fashion that he is likely to succeed on the merits and will suffer irreparable harm if a preliminary injunction is not granted.  Plaintiff, however, has failed to demonstrate a clear likelihood of success on the merits.  As explained above, Plaintiff's claims are subject to summary dismissal based on Defendant Clark's quasi-judicial immunity.  Plaintiff has not

explained how he can succeed on the merits in light of Defendant Clark's quasi-judicial immunity.

As a result, Plaintiff's motion for a temporary restraining order and preliminary injunction is denied.

III.    Motions to Amend Complaint

After the Report and Recommendation was issued, Plaintiff filed two motions to amend his

complaint.  In the first motion, among other things, Plaintiff seeks to add a request for monetary

damages and a claim against Attorney General, Alan Wilson.  In the second motion, Plaintiff seeks

to add Orangeburg County Sheriff, Leroy Ravenell.  Plaintiff's claims against the Attorney General

and Orangeburg County Sheriff relate to his allegation that the Orangeburg County Clerk of Court

failed to file his PCR application.  Plaintiff's claims against the Attorney General and the Sheriff

appear to be based on the assumption that the Attorney General and Sheriff owed Plaintiff a duty to

assist him in the filing and service of his PCR application.  To state a claim under § 1983, a plaintiff

must allege two essential elements: (1) that a right secured by the Constitution or laws of the United

States was violated, and (2) that the alleged violation was committed by a person acting under the

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  Plaintiff presents no factual allegations to

demonstrate that the Attorney General or Sheriff received or intentionally failed to file Plaintiff's

PCR application.  Plaintiff has also provided no authority for the proposition that the Attorney

General or Sheriff owe a constitutional duty to assist the Plaintiff in filing and effecting service of

his PCR application.  Plaintiff's proposed amendments rest on mere speculation or conjecture and

are insufficient to state a violation of Plaintiff's constitutional rights under § 1983. *See Cochran v.

Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (holding that defendants are not required to file

unnecessary responses to speculative allegations); *United States v. Banks*, 370 F.2d 141, 145 (4th

Cir. 1966) (finding speculative claim insufficient to support a finding of actual prejudice in case

alleging constitutional violation).  For those reasons, the Court finds that Plaintiff's proposed amendments to his complaint would only serve to advance futile claims.  *See Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir.1999) (stating "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile").  Therefore, Plaintiff's motions to amend his complaint are denied.

IV.     Motion for Default Judgment

Plaintiff has moved for a default judgment against Defendants.  Because this case has not been issued for service of process and no Defendant has been served, Plaintiff is not entitled to an entry of default or default judgment. *See* Fed. R. Civ. P. 55.  Plaintiff's motion for default judgment is denied.

V.      Motion for Declaratory Judgment

In his motion for declaratory judgment filed after the Report and Recommendation was issued, Plaintiff restates the allegations set forth in his complaint but includes allegations that Attorney General Wilson and Sheriff Ravenell contributed to deny Plaintiff access to the court's by failing to assist him in filing and serving his PCR application.  For the reasons stated above, Plaintiff's motion for a declaratory judgment is denied.

## Conclusion

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case.  The court has reviewed Plaintiff's objections and finds that they are without merit.  The court overrules Plaintiff's objections and adopts and incorporates by reference the Report and

Recommendation [Docket Entry #9] of the Magistrate Judge.  The federal § 1983 claims are

**DISMISSED without prejudice and without issuance and service of process**.  The court

declines to exercise jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(c) and

they are **DISMISSED without prejudice**.  Plaintiff's motion [Docket Entry #4] for a temporary

restraining order and preliminary injunction is **DENIED**; Plaintiff's motion [Docket Entry #14] to

amend his complaint is **DENIED**; Plaintiff's motion [Docket Entry #15] for default judgment is

**DENIED**; Plaintiff's second motion [Docket Entry #17] to amend complaint is **DENIED**; and

Plaintiff's motion [Docket Entry #18] for declaratory judgment is **DENIED**.


       **IT IS SO ORDERED**.


Florence, South Carolina                                      s/ R. Bryan Harwell
November 25, 2014                                             R. Bryan Harwell
                                                             United States District Judge